UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.:  20-104 (RC) |
| | : | |
| JERRITT JEREMY PACE, | : | Re Document No.:     17 |
| | : | |
| Defendant. | : | |

MEMORANDUM OPINION

DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER OF DETENTION

I.  INTRODUCTION

Defendant Jerritt Jeremy Pace was indicted on three counts alleging violations of 18 U.S.C. § 844(d), 844(e), and 844(i).  The Government requested pretrial detention of Mr. Pace pursuant to 18 U.S.C. § 3142(f)(1)(A), asserting that there were no conditions or combination of conditions that would reasonably assure the safety of the community if he were released.  Following a detention hearing, a magistrate judge ordered that Mr. Pace be detained pending trial.  Minute Entry, Jun. 12, 2020.   Mr. Pace appealed the magistrate judge's detention order, *see* Defendant's Appeal of Magistrate Judge Meriweather's Detention Order ("Def.'s Appeal"), ECF No. 8, which was upheld by the district court,  Minute Entry, Jul. 6, 2020.  Mr. Pace has filed a motion to reconsider the detention order.  *See* Def.'s Mot. to Reconsider Order of Detention ("Def.'s Mot.").  For the reasons set out below, the Court denies Mr. Pace's motion.

II.  FACTUAL BACKGROUND

On May 29, 2020, the Metropolitan Police Department ("MPD") arrested Mr. Pace for lighting on fire a laundry detergent container filled with gasoline outside of MPD's Fourth District station.  Compl. Statement of Facts at 1, ECF No. 1-1.  On June 11, 2020, Mr. Pace was charged by complaint in federal court with (1) using an instrumentality of interstate commerce to

willfully threaten to destroy a building by means of fire or explosive, in violation of 18 U.S.C. § 844(e); (2) receiving an explosive in interstate commerce with the intent to use it unlawfully to damage or destroy a building, in violation of 18 U.S.C. § 844(d); (3) willfully damaging, or attempting to damage, a building that was used in an activity affecting interstate commerce by means of fire or explosive, in violation of 18 U.S.C. § 844(i); and (4) committing, or attempting to commit, any act to interfere with law enforcement officer's performance of official duties during a civil disorder, in violation of 18 U.S.C. § 231(a)(3).  *See* Compl., ECF No. 1.

On June 12, 2020, Mr. Pace was presented on those charges and the Government moved for pretrial detention pursuant to 18 U.S.C. § 3142(f)(1)(A).  Minute Entry, Jun. 12, 2020.  The magistrate judge found that the § 3142(g) factors weighed in favor of pretrial detention and ordered that Mr. Pace be detained pending trial.  *See id.*  Mr. Pace filed an appeal of that detention order, *see* Def.'s Appeal, and the Government filed an opposition, *see* Gov't Opp'n to Def.'s Appeal of Magistrate Judge Meriweather's Detention Order ("Gov't Appeal Opp'n"), ECF No. 9.  On July 6, 2020, Judge Boasberg, as Acting Chief, conducted a bond hearing and ordered that Mr. Pace be held without bond under the same § 3142(g) analysis.  *See* Minute Entry, Jul. 6, 2020.

The grand jury returned an indictment on July 7, 2020, charging Mr. Pace with three counts of violating 18 U.S.C. § 844(d), (e), and (i).  *See* Indictment, ECF No. 12.  Mr. Pace was arraigned on the indictment on July 9, 2020, and the magistrate judge again ordered that Mr. Pace be held without bond pending trial pursuant to § 3142(f)(1).  *See* Order, ECF No. 14.  Mr. Pace now moves for this Court to reconsider the Order of Detention.  *See* Def.'s Mot.

### III.  LEGAL STANDARD

Under the Bail Reform Act of 1984, a judge cannot order a defendant detained before trial unless he finds that no conditions of release will reasonably assure either the safety of other persons and the community or the appearance of the defendant in court.  18 U.S.C. § 3142(e)(1). The first finding must be made by clear and convincing evidence, *id.* § 3142(f); the second need only be made by a preponderance of the evidence, *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987); *United States v. Vortis*, 785 F.2d 327, 328–29 (D.C. Cir. 1986) (per curiam). "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense listed in [18 U.S.C. § 2332b(g)(5)(B)], for which a maximum term of imprisonment of 10 years or more is prescribed."  18 U.S.C.§ 3142(e)(3)(c).

> Section 3142(g) of the [Bail Reform] Act sets out the factors to be considered by the magistrate or judge in deciding whether available conditions will reasonably assure the defendant's appearance [or the safety of others]: the nature and circumstances of the offense, particularly its nonviolent nature; the weight of the evidence; the history and characteristics of the person, including his character, family ties, employment, length of residence in the community, community ties, past conduct, criminal history, and record of court appearances; and the danger the defendant poses to the community if released.

*United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996) (per curiam).  Both parties may proffer information relevant to this analysis.  *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) (per curiam) (following other circuits in deciding to allow Government proffer under the Bail Reform Act).

Typically, the district court reviews a magistrate judge's detention order *de novo*. *E.g.*, *United States v. Muschetta*, 118 F. Supp. 3d 340, 343 (D.D.C. 2015).  However, because the district court previously denied Mr. Pace's appeal of the magistrate judge's detention order, the

3

Government implies that Mr. Pace's motion should be construed as a motion to reopen his detention hearing under 18 U.S.C. § 3142(f)(2), thereby requiring him to show information "that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community." *Id.*; *see* Gov't Opp'n to Def.'s Mot. to Reconsider Order of Detention ("Gov't Opp'n") at 3, ECF No. 18. Regardless of the legal standard applied, the result is the same: the § 3142(g) factors weigh against granting Mr. Pace's motion to reconsider.

### IV. ANALYSIS

Mr. Pace's indictment on a charge of attempting to damage, by fire or explosive, property used in interstate commerce establishes probable cause to believe that he has committed that offense, which subjects him to a maximum term of twenty years imprisonment. The Court therefore begins its analysis with the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(c) (presumption arises on finding of probable cause to believe accused committed an offense listed in 18 U.S.C. § 2332b(g)(5)(B) that carries a maximum term of imprisonment of 10 years or more); 18 U.S.C. § 2332b(g)(5)(B) (listing, among other crimes, 18 U.S.C. § 844(i)); 18 U.S.C. § 844(i) (attempting to damage, by fire or explosive, property used in interstate commerce carries maximum term of twenty years in prison); *Smith*, 79 F.3d at 1210 (holding that "indictment [on a covered offense] alone [is] enough to raise the rebuttable presumption that no condition would reasonably assure the safety of the community").

The Court first considers "the nature and circumstances of the offense charged." 18 U.S.C. § 3142(g)(1). Mr. Pace effectively concedes that he lit the fire, but argues that the fire was "small" and that he set the fire not to cause harm to persons or property, but to peacefully

4

exercise his First Amendment rights. *See* Def.'s Mot. at 6–7, 13. This explanation is belied by Mr. Pace's public Facebook posts leading up to the incident, which included statements such as "I WILL BURN A 12[1] STATION DOWN," "PLEASE COME ON DC AND LETS RIOT WITH THE REST OF THE NATION," and "BURN IT DOWN," followed by a Google Maps link to MPD's Fourth District station. Gov't Appeal Opp'n at 2–3. This explanation also runs counter to Mr. Pace's statements to officers after he was arrested, which included a statement that he could have run into the station with the container if he wanted to, but that "all I did was burn down your sign but I didn't even do that." *Id.* at 6. Furthermore, the fact that Mr. Pace caused no harm to the station appears to be a function of the detergent bottle rapidly igniting after being lit, causing Mr. Pace to immediately drop the bottle, as illustrated by a cell phone video taken by the assailant that the Court has reviewed. Consequently, the first factor weighs against Mr. Pace.

The court next considers "the weight of the evidence against" Mr. Pace. 18 U.S.C. § 3142(g)(2). An MPD detective caught Mr. Pace in the act of lighting the fire, apprehended Mr. Pace, and noted the strong smell of gasoline on Mr. Pace's clothing. Gov't Appeal Opp'n at 6. Mr. Pace effectively admits he lit the fire, but submits that there was no intent or true threat to damage the station. Def.'s Mot. at 8. However, Mr. Pace's social media posts before the incident and his incriminating statements to arresting officers undermine his assertion that he meant no damage to the station. The Court therefore concludes that the weight of the evidence against Mr. Pace is, while not incontrovertible, fairly strong.

Turning to "the history and characteristics of" Mr. Pace, *see* 18 U.S.C. § 3142(g)(3), the Court notes Mr. Pace's lengthy criminal history, *see* Gov't Appeal Opp'n at 11–12. While most

---

[1] "12" is slang for law enforcement. Gov't Appeal Opp'n at 2 n.2.

of Mr. Pace's offenses have been for less serious infractions, *see* Def.'s Mot. at 10, his more recent charges are tending toward more violent acts, including the present offense and a January 2020 incident where Mr. Pace threatened to use a Taser on students and faculty members during a course that he was taking, Gov't Appeal Opp'n. at 12–13.  Furthermore, Mr. Pace has a poor record of compliance with supervision, evidenced by numerous periods of supervision revoked to incarceration.  Order at 4.  Thus, Mr. Pace's criminal history and past conduct weigh against him.  *See* 18 U.S.C. § 3142(g)(3)(A).  Moreover, Mr. Pace was on post-conviction supervision for one offense and on pre-trial release for two other matters at the time of the charged offenses, *see* Order at 4; Gov't Appeal Opp'n at 11, which further weighs against him, *see* 18 U.S.C. § 3142(g)(3)(B).  In response, Mr. Pace stresses his mental health problems, especially in light of the COVID-19 pandemic.  Def.'s Mot. at 10–13.  Although the Court appreciates that Mr. Pace has medical conditions for which he requires ongoing medication and treatment, his health problems cannot be dispositive here, especially where it appears that Mr. Pace is currently receiving adequate treatment for his mental health issues.[2]  *See* Def.'s Mot. at 10 ("[Mr. Pace] is currently taking medications and has become stable . . . ").  Moreover, the Court has no reason to conclude that Mr. Pace would maintain his treatment regimen if released from detention.  And while the Court understands the gravity of the present COVID-19 pandemic, given Mr. Pace's significant criminal history and abysmal record of compliance with supervision, his history and characteristics weigh heavily against his release.  *Cf. United States v. Leake*, No. 19-cr-194, slip op. at 6, 2020 WL 1905150, at *2, (D.D.C. May 10, 2020) (holding that, notwithstanding that

---

[2] Mr. Pace asserts that he has not received his seizure medication and the proper dosage for other medications.  Def.'s Mot. at 2.  The Court expects that the D.C. Department of Corrections will rectify this issue, if true, and that counsel will notify the Court if Mr. Pace experiences further problems in receiving his medications.

defendant's alleged asthma may put him at higher risk of injury from COVID-19 while incarcerated, defendant's criminal history and history of noncompliance with supervision supported pretrial detention).

Finally, the Government suggests that Mr. Pace's release would pose a serious "danger to any person or the community," 18 U.S.C. § 3142(g)(4), because of his recent violent offenses and history of noncompliance with supervision conditions. *See* Gov't Appeal Opp'n at 11–12. This Court agrees. Mr. Pace's criminal history certainly suggests that he would pose a risk to the community due to his escalating violence. Furthermore, the fact that Mr. Pace has been arrested for this crime shortly after being released for another crime gives the Court no comfort. Mr. Pace contends that his current compliance with taking medications and stabilized mental health would reasonably assure the safety of the community, *see* Def.'s Mot. at 10, but given Mr. Pace's abysmal record of complying with pretrial supervision, the Court is not persuaded that he will be able to maintain compliance if released.

Accordingly, for the reasons stated above, the Court concurs with Magistrate Judge Meriweather and Judge Boasberg and concludes that the Government has shown by clear and convincing evidence that no conditions of release would reasonably assure the safety of the community and that the § 3142(g) factors weigh in favor of pretrial detention.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Reconsider the Order of Detention (ECF No. 17) is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  October 14, 2020                                                         RUDOLPH CONTRERAS
                                                                                                   United States District Judge