UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 20-cr-104 (RC) |
| | : | |
| JERRITT PACE, | : | |
| | : | |
| Defendant. | : | |

**STATEMENT OF THE OFFENSE**

**A.    MAXIMUM PENALTIES**

The statutory maximum punishment that could be imposed for a violation of 26 U.S.C. § 5861(f) is up to 10 years in prison, a $10,000 fine, or both, as well as a period of supervised release of not more than 3 years.

**B.    ELEMENTS OF THE OFFENSE**

The parties in this case, the United States of America and the defendant, Mark Crawford, stipulate and agree that the following constitute the elements of the relevant offense: Unlawful Making or Manufacturing of a Firearm Subject to the National Firearms Act, Title 26, United States Code, Section 5861(f) that occurred on or about May 29, 2020, within the District of Columbia. In order to prove the above offense, the government must prove beyond a reasonable doubt that:

   a.    Jerritt Pace made a firearm subject to the National Firearms Act, 26 U.S.C. §§ 5821 and 5822;

   b.    Jerritt Pace did so voluntarily and on purpose, and not by mistake or accident;

   c.    The firearm made by Jerritt Pace meets the definitional terms under 26 U.S.C. §§ 5845(a)(8) and 5845(f).

The parties agree that pursuant to 26 U.S.C. § 5845, the definition of a firearm includes a destructive device, which is defined in 26 U.S.C. § 5845(f).

### C. BRIEF STATEMENT OF FACTS

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government or the defendant, but is instead a statement of facts intended to provide the necessary factual predicate for the guilty plea to the 26 U.S.C. § 5861(f) charge in this case. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for entry of the defendant's plea of guilty. The United States and the defendant, Mark Crawford, agree and stipulate as follows:

1. On or about May 29, 2020, in the early morning hours, the defendant Jerritt Pace filled a plastic laundry detergent bottle with gasoline and made a makeshift paper wick to fit on top of the bottle ("improvised device").

2. After creating the improvised device, around 6:00 a.m. on May 29, 2020, the defendant carried the device to the front sidewalk of the Metropolitan Police Department's 4th District Station located at 6001 Georgia Avenue NW, in Washington, D.C. He lit the device and the device fell to the sidewalk, where it burned for a short time. The defendant fled the scene, but was apprehended shortly thereafter. The defendant filmed himself on his cell phone shouting at the police station, carrying the device, and ultimately lighting the device on fire before the device fell. After his arrest, the defendant admitted to making the improvised device.

3. The improvised device made by the defendant on or about May 29, 2020, was determined by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) to be a "destructive device" as defined by 26 U.S.C. § 5845(f); ATF classified the improvised device as a

designed weapon and improvised incendiary bomb. This improvised destructive device qualified as a "firearm" under 26 U.S.C. § 5845(a)(8).

4. Because the improvised device met the definition of a firearm under 26 U.S.C. § 5845(a)(8), it was subject to the registration requirements of 26 U.S.C. §§ 5821 and 5822, respectively. The defendant did not adhere to these requirements when he made the improvised destructive device.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
NEW YORK BAR NO. 4444188

By: __/s/ *Christopher A. Berridge*_____
Christopher A. Berridge
Assistant United States Attorney
GA Bar No. 829103
555 4th Street, N.W.
Washington, DC 20001
Desk: (202) 252-6685
Mobile: (202) 740-1738
Christopher.Berridge@usdoj.gov

**DEFENDANT'S ACKNOWLEDGMENT**

    I have read fully the Statement of Offense setting forth the facts related to my guilty plea to Unlawful Making or Manufacturing of a Firearm Subject to the National Firearms Act, in violation of 26 U.S.C. § 5861(f). I have discussed this proffer fully with my attorney, Eugene Ohm. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: _____          _____
                                                                        Jerritt Pace, Defendant

**ATTORNEY'S ACKNOWLEDGMENT**

    I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea to Unlawful Making or Manufacturing of a Firearm Subject to the National Firearms Act, in violation of 26 U.S.C. § 5861(f). I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 11/19/2020          _____
                                                Eugene Ohm, Esq.
                                                Counsel for Defendant